Mary Jo O'Neill, AZ Bar #005924
Sally C. Shanley, AZ Bar #012251
Christopher R. Houk, AZ Bar #020843
Equal Employment Opportunity
Commission, Phoenix District Office
3300 N. Central Ave., Suite 690
Telephone: (602) 640-5049
Fax: (602) 640-5009
Email: mary.oneill@eeoc.gov
         sally.shanley@eeoc.gov
         christopher.houk@eeoc.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Equal Employment Opportunity Commission,<br><br>         Plaintiff,<br><br>    vs.<br><br>FedEx Freight, Inc.,<br><br>         Defendant. | Case No.<br><br>**COMPLAINT**<br><br>**(JURY TRIAL DEMANDED)** |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex, and to provide appropriate relief to Mary Cooper and a class of women who were adversely affected by such practices during their employment by FedEx Freight, Inc. ("FedEx Freight"). The Equal Employment Opportunity Commission alleges that the women were not hired to Human Resources Field Representative positions because of their sex, female.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section

706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Arizona and/or, but for the employment practices alleged to be unlawful, the aggrieved persons would have worked within the jurisdiction of the United States District Court for the District of Arizona

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission ("Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times Defendant FedEx Freight, an Arkansas corporation, through mergers and name changes, has continuously been doing business in the State of Arizona and the City of Phoenix and has continuously had at least fifteen employees. Specifically, in approximately January 2009 FedEx Freight West, Inc. merged with FedEx Freight East, Inc. and changed its name to FedEx Freight, Inc.

5. At all relevant times Defendant FedEx Freight has continuously been and is now an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. 2000e(b), (g), and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Mary Cooper filed a charge with the Commission alleging violations of Title VII by Defendant FedEx Freight. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least October 2005, Defendant FedEx Freight has engaged in unlawful employment practices at its Arizona, Colorado, and California facilities in

violation of Section 703(a) of Title VII, 42 U.S.C. 2000e-2(a). These unlawful employment practices include failing to hire Mary Cooper and a class of women, including, but not limited to, Shana Symko and Donetta Zach, because of their sex, female, for the position of Human Resources Field Representative ("Field Representative").

8. In November or December 2005, FedEx Freight offered the Field Representative position for the Eastern Region to a male FedEx Freight dock worker who had no Human Resources experience, thereby rejecting Ms. Cooper and at least two other women, Shana Symko and Donetta Zach, for the position of Field Representative.

9. The Field Representative position job duties include the following: "Assist[ing] in the recruiting process" and "[p]rovid[ing] general human resources support pertaining to employee relations issues"

10. The Field Representative position required the applicant to have a Bachelor of Science or Bachelor of Arts Decree with a major or minor in Liberal Studies, Human Resources, Industrial Relations or a related field. Related experience could be substituted for the educational requirements.

11. All three women who were rejected for the Field Representative position were more qualified than the male FedEx Freight dock worker selected for the position. Facts concerning the various qualifications, include, but are not limited to:

    a. Prior to working for FedEx Freight, Ms. Cooper earned a B.B.A. in Human Resource Management from Texas A&M University. The FedEx Freight manager who observed the work of both Ms. Cooper and the male selected for the position stated that Ms. Cooper was the better candidate.

    b. In 2003, Ms. Symko became a Recruiter for FedEx Freight, and in 2004, she became a Human Resources Representative. Ms. Symko earned a B.A. in Psychology from the University of Tennessee and also earned a certification as a Professional in Human Resources in June 2005.

      c.    When hired by FedEx Freight in 2004, Ms. Zach worked part-time as a Service Center Office Clerk, providing assistance to Human Resources, and in July 2004, she became a full-time employee in that department  She was praised by her supervisor for familiarizing herself with all the HR responsibilities.  Prior to working for FedEx Freight, Zach worked for Wyoming Student Loan Corporation as a Human Resource and Compliance associate, where she performed human resource functions.

      d.    Each of the three women's supervisors recommended them for the Field Representative position.

      e.    Unlike two of the three women, the male selectee lacked a Bachelor's degree.  In addition, the male selectee's experience was as a dock worker for FedEx Freight and, according to his resume, he had no prior human resource experience.

12.    On or about February 20, 2006, FedEx Freight hired a male FedEx Freight Employee as Field Representative for the Southern Region, thereby rejecting Ms. Cooper and a class of women candidates for the position of Field Representative.

13.    The effect of the practices complained of in Paragraphs 7 -12 above has been to deprive Mary Cooper and a class of women of equal employment opportunities and otherwise adversely affect their status as employees because of their sex, female.

14.    The unlawful employment practices complained of in Paragraphs 7-12 were intentional.

15.    The unlawful employment practices complained of in Paragraphs 7-12 above were done with malice and/or with reckless indifference to the federally protected rights of Mary Cooper and a class of women employed by FedEx Freight.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining Defendant FedEx Freight, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in the harassment of employees because of sex and any other employment practice which discriminates on the basis of sex.

B.     Order Defendant FedEx Freight to institute and carry out policies, practices, and programs which provide equal employment opportunities for women, and which eradicate the effects of its past and present unlawful employment practices.

C.     Order Defendant FedEx Freight to make whole Mary Cooper and a class of women by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, reinstatement or front pay in lieu of reinstatement.

D.     Order Defendant FedEx Freight to make whole Mary Cooper and a class of women, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in Paragraphs 7 -12 above, including job search expenses, medical expenses, and other pecuniary losses, in amounts to be determined at trial.

E.     Order Defendant FedEx Freight to make whole Mary Cooper and a class of women by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in Paragraphs 7 -12 above, including, but not limited to, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F.     Order Defendant FedEx Freight to pay Mary Cooper and a class of women punitive damages for its malicious and/or reckless conduct described in Paragraphs 7 – 12 above, in amounts to be determined at trial.

G.     Grant such further relief as the Court deems necessary and proper in the public interest.

H.     Award the Commission its costs of this action.

# JURY DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Dated this 13th day of September, 2010.

                                    P. DAVID LOPEZ  
                                    General Counsel

                                  GWENDOLYN YOUNG REAMS  
                                  Associate General Counsel

                                  EQUAL EMPLOYMENT OPPORTUNITY COMMISSION  
                                  131 M Street, NE 5th Floor  
                                  Washington, D.C. 20507-0004

                                  /s Mary Jo O'Neill  
                                  MARY JO O'NEILL  
                                  Regional Attorney

                                  /s Sally C. Shanley  
                                  SALLY C. SHANLEY  
                                  Supervisory Trial Attorney

                                  /s Christopher R. Houk  
                                  CHRISTOPHER R. HOUK  
                                  Trial Attorney

                                  EQUAL EMPLOYMENT OPPORTUNITY COMMISSION- PHOENIX DISTRICT OFFICE  
                                  3300 N. Central Ave., Ste. 690  
                                  Phoenix, AZ 85012